UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James R. Glisson, Jr., | ) | C/A No. 4:13-1183-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND |
| vs. | ) | RECOMMENDATION |
| | ) | |
| Bobby Frederick, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

James R. Glisson, Jr., ("Plaintiff"), proceeding pro se and *in forma pauperis*, is a local detention center inmate. Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in pro se cases and to submit findings and recommendations to the district court. The following report recommends that the Complaint in this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**I. BACKGROUND**

**A. Plaintiff's Allegations**

Plaintiff is currently incarcerated at the Georgetown County Detention Center, and he alleges he has been there since December 20, 2010, with a $250,000 bond. Plaintiff brings this litigation against Bobby Frederick ("Frederick" or "Defendant"), the former criminal defense attorney Plaintiff hired to defend him against one charge of first-degree burglary and 15 charges of second-degree burglary. Plaintiff states that he paid Defendant $7,500, and seeks the return of that money as he is unhappy with Defendant's performance as his counsel. Plaintiff alleges Defendant only came to see him twice in one year, did not respond to Plaintiff's correspondence, and would not file a bond reduction motion. Plaintiff also complains that Defendant misrepresented a plea bargain that

led to Plaintiff's pleading guilty without charges being dropped as Defendant had suggested they would be. Plaintiff notes that the state court relieved Defendant as his counsel and indicated a public defender would be appointed for him. In addition to seeking the return of the money he paid to Defendant, Plaintiff also seeks appointment of a pro bono lawyer. Compl. 2-5, ECF No. 1.

### B.  Pro Se and *In Forma Pauperis* Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I), (ii).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a case in which a litigant seeks to proceed *in forma pauperis* at any time it determines the action fails to state a claim on which relief may be granted. *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

## II. ANALYSIS

Plaintiff's Complaint is construed as filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred'" by the Constitution and laws of the United States. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's claim against Defendant Frederick, a private attorney, must be dismissed because Plaintiff has not alleged Defendant acted under the color of state law. Under these facts, Plaintiff cannot demonstrate that Defendant–a private attorney retained to represent a criminal defendant–acted under the color of state law. *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under state law, and therefore is not amenable to suit under § 1983."). Because Defendant cannot be liable to Plaintiff under § 1983, the Complaint and this case should be dismissed summarily.

Further, to the extent Plaintiff's allegations could be construed as claims for breach of contract or legal malpractice, such claims are based on state law, not based on federal rights. A § 1983 action may not be "based alone on a violation of state law or on a state tort." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). A breach of contract and tort claim based on state law does not rise to the level of a constitutional deprivation or violation of federal law. Plaintiff's allegations that could be construed as breach of contract, or legal malpractice, do not establish a claim for violation of a federal right as required to establish liability under § 1983. Plaintiff's Complaint should be

dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 9, 2013                                     Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).